UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLIE BONEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>Acting Commissioner of the )<br>Social Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-20-699-P |

## ORDER

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant denying his applications for disability insurance benefits ("DIB") under Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 423, 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___). The parties have briefed the issues and consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). For the following reasons, Defendant's decision is affirmed.

I.  Administrative History and Agency Decision

Plaintiff filed his application for DIB on November 30, 2017, and his application for SSI on July 3, 2018. Both applications allege he became disabled on February 19, 2017. These claims were denied initially and on reconsideration. At Plaintiff's request, he appeared and testified at a hearing before an Administrative

Law Judge ("ALJ") on August 1, 2019. AR 35-58. A vocational expert ("VE") also appeared and testified. The ALJ issued an unfavorable decision on December 27, 2019. AR 10-23.

The ALJ followed the familiar five-step evaluation process to determine whether Plaintiff was disabled within the meaning of the Act. At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 12. At step two, the ALJ found Plaintiff had severe, medically determinable impairments including diabetes mellitus, status post toe amputations from both feet, diabetic peripheral neuropathy, hypertension, back disorder sinus tachycardia, obesity, bipolar disorder, schizoaffective disorder, and depressive disorder. *Id.* At the third step of the sequential evaluation process, the ALJ determined that none of Plaintiff's severe impairments, alone or in combination, met or medically equaled one of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 13-16.

The ALJ assessed Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 10 pounds occasionally and less than 10 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk at least 2 hours during an eight-hour workday. The claimant can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. The claimant cannot climb ladders, ropes, or scaffolds. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks. The claimant can relate to supervisors and co-workers

on a superficial work basis. The claimant can have no contact with the general public. The claimant can adapt to a work situation.

AR 17. The ALJ then determined Plaintiff did not have any past relevant work. AR 21.

At the fifth step of the sequential evaluation, the ALJ considered Plaintiff's age (younger individual), his education, his work experience, his RFC, and the testimony of the VE and concluded there are sedentary, unskilled jobs existing in significant numbers in the national economy Plaintiff can perform. *Id.* at 22. The ALJ identified three such jobs: table worker, sorter, and bench hand. *Id.* The ALJ determined the testimony of the VE about these jobs was consistent with the information listed in the *Dictionary of Occupational Titles*. *Id.* Accordingly, the ALJ determined Plaintiff is not disabled.

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. 20 C.F.R. § 404.981; *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009).

II.   Standard of Review

The Social Security Act authorizes payment of benefits to an individual with disabilities. 42 U.S.C. § 401, *et seq*. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.

§ 423(d)(1)(A); *see* 20 C.F.R. § 404.1509 (duration requirement). Both the "impairment" and the "inability" must be expected to last not less than twelve months. *Barnhart v. Walton*, 535 U.S. 212 (2002).

The Court must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether the correct legal standards were applied. *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, ___ U.S.___, 139 S. Ct. 1148, 1154 (2019). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations omitted). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation, quotations, and alteration omitted).

III. <u>Analysis</u>

Plaintiff contends that because the ALJ found the opinion of the consultative examiner ("CE") to be persuasive, the ALJ erred in failing to include in the RFC all mental limitations found by the CE. Specifically, Plaintiff argues his "marginal"

ability to "understand, remember and carry out simple and complex instructions in a work-related environment" would preclude him from performing even simple work.

The CE administered the WAIS-IV and determined Plaintiff's IQ is between 79-87—low average intelligence. AR 338. The CE diagnosed Plaintiff with Bipolar Disorder I and Methamphetamine Use—in Remission, and the CE proffered the following opinion regarding Plaintiff's ability to understand, remember and carry out simple and complex instructions as well as his ability to handle any benefits he might be awarded:

> In the opinion of this Psychologist, this individual is not seen as being competent to manage his own funds at this time. It is also the opinion of this Psychologist that this individual has been open and honest in providing the information for today's mental status examination. This opinion is based on the spontaneity of his interactions with this psychologist as well as the consistency of his reported history and symptoms. No evidence of exaggeration or malingering was noted. From a mental status standpoint this individual's ability to understand, remember and carry out simple and complex instructions in a work related environment would be rated as marginal.

AR 339.

As required by the regulations, the ALJ considered whether Plaintiff's mental impairments met or equaled any listed impairment at 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ's analysis followed the process for evaluating mental impairments, and the categories of such impairments, as prescribed by the Social Security regulations. These include the so-called "Paragraph B" and "Paragraph C"

criteria for describing adult mental disorders. *See generally* 20 C.F.R. Section 404.1520a(c)–(d); *see also* Social Security Ruling 96-8P, 1996 WL 374184, at *4 (July 2, 1996). The regulations identify four functional areas in which the ALJ will rate the degree of a plaintiff's functional limitations, including: (1) the ability to understand, remember, or apply information; (2) the ability to interact with others; (3) the ability to concentrate, persist, or maintain pace; and (4) the ability to adapt or manage oneself. 20 C.F.R. § 404.1520a(c)(3). The criteria are not RFC findings, but rather a method of rating the severity of mental impairments at steps 2 and 3 of the sequential evaluation. *See Chrismon v. Colvin*, 531 Fed. App'x. 893, 897-898 (10th Cir. 2013) (discussing the difference between step three findings and RFC findings).

Relevant to the issue raised in this case—the ALJ's findings about Plaintiff's ability to understand, remember, and carry out simple and complex instructions in a work-related environment—the ALJ concluded Plaintiff has moderate limitations. The ALJ based his assessment on results of testing by the CE and the record as a whole, including Plaintiff's testimony.

> The claimant alleged that he has difficulty remembering generally, understanding what is said to him, following instructions, and completing tasks. In a consultative examination in August 2017, the claimant was able to recall three of five things he had been told to commit to memory. However, the claimant also stated that he could perform simple maintenance, prepare meals, pay bills, go to doctor's appointments, take medications, shop and play games. In addition, the record shows that the claimant was able to provide information about his health, describe his prior work history, and respond to questions

6

>from medical providers. Moreover, there is no mention of any issues with the claimant's short or long-term memory.

AR 15 (citations omitted). The ALJ also cited several medical records that assessed Plaintiff's memory as normal. *Id.*

Also relevant to the issue raised in this case is the ALJ's finding that Plaintiff's ability to concentrate, persist, or maintain pace is only moderately limited. The ALJ relied both on Plaintiff's testimony regarding his daily activities, such as his ability to prepare meals, watch television, play games, manage funds, and handle his own medical care. The ALJ also relied on the absence of any evidence from the medical records indicating that Plaintiff was easily distracted or was unable to complete testing that assessed concentration and attention. AR 15. The ALJ specifically noted Plaintiff received three out of three points for his performance on concentration and simple calculation tasks. AR 16.

In assessing the Paragraph B criteria, the ALJ considered the evidence in the record including statements of Plaintiff's physicians, his own adult function reports, and his hearing testimony. Having reviewed the record, this Court finds the ALJ's paragraph B findings are supported by substantial evidence. Moreover, the ALJ accounted for his paragraph B findings when he determined Plaintiff's RFC by limiting him to jobs requiring only simple, routine, and repetitive tasks. Accordingly, the Court finds the ALJ properly

considered the record pertaining to Plaintiff's mental impairments, including the CE's opinion, and Plaintiff's claim on appeal is without merit.

IV. Conclusion

Based on the foregoing analysis, the decision of Defendant is affirmed. Judgment will issue accordingly.

ENTERED this __18th__ day of ___August__, 2021.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE